IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WARD DEAN, M.D. and,
KUMJA DEAN,
    Plaintiffs,

vs.                                    No.   3:05cv29/LAC/MD

ESCAMBIA COUNTY, et. al,
    Defendants.

_____

**SPECIAL MASTER'S REPORT AND RECOMMENDATION**

On June 7, 2005, the district judge ordered the undersigned to conduct further proceedings in this case concerning any and all claims for sanctions and attorney fees and costs, and to act as special master if the parties did not settle those issues. On August 8, 2005, the undersigned entered his Interim Findings of Fact and Conclusions of Law Relating to Attorney Fees and Rule 11 Sanctions (interim report) (doc. 63), which is incorporated herein by reference, in which he concluded that defendants are entitled to the award of fees. The parties were then instructed to comply with Local Rule 54.1(E). Defendants complied and have filed appropriate documentation in support of their request for fees (docs. 65, 66). After plaintiff failed to respond, the court gave him the opportunity to do so in light of his *pro se* status (doc. 67). Plaintiff requested additional time (doc. 69), which was granted (doc. 71), and he has now responded (doc. 72). Although both plaintiffs signed the response, the undersigned has recommended that only plaintiff Ward Dean be liable for

sanctions or fees and costs.  He will therefore be treated as the only plaintiff in this proceeding.

Plaintiff objects to the award of fees, and challenges the findings of fact and conclusions of law in the interim report.  He also contends that (1) the county defendants violated Loc. R. 54.1(B), (2) defendants seek fees unrelated to the *Rooker-Feldman* doctrine, (3) defendants must be charging for work done at some other time, (4) counsel for the county defendants is a salaried employee and not entitled to fees, (5) the hours charged are excessive, and (6) all defendants made the same arguments relating to the court's dismissal of the complaint, and "undoubtedly were working together and sharing research and briefs."  (Doc. 72, p. 4).  These defenses to the award of attorney fees will be addressed in the order presented.

Plaintiff first asserts that the defendants violated Loc. R. 54.1(B).  That rule requires counsel to file contemporaneous time records, i.e., no later than the 15th day of the month for the work done during the preceding month.  Plaintiff earlier noted that the county defendants missed their March 15, 2005 deadline by fifteen days, and missed the May 15, 2005 deadline by eight days (doc. 69, p. 5).  The rule in question is designed to serve two purposes: to keep opposing parties apprised of how much attorney time their opposition is expending, and to prevent counsel from claiming time that was not contemporaneously recorded.  The stated deadlines are not absolute, however. The court can review, and has reviewed, the submitted records with a view toward the second purpose, and can say that there is not the slightest appearance of fraud or improper timekeeping.  As to the first purpose, plaintiff has not claimed that he was in any way prejudiced by the time records having been filed beyond the prescribed times.  The court therefore finds that the purposes of the local rule have been satisfied, and there being no prejudice, the court accepts the March 30, 2005 and May 23, 2005 records of the county defendants as if they had been timely filed.

*Case No: 3:05cv29/LAC/MD*

Plaintiff next contends that defendants' counsel are seeking compensation for work unrelated to the *Rooker-Feldman* doctrine. He does not explain why this is of concern, but the court will assume that he thinks that because the case was dismissed based on that doctrine, counsel should be paid only for work done to that end. That argument is without merit. A defendant who raised multiple reasons for resisting a claim should not be penalized because the court chose only one of those defenses in ruling in defendant's favor. As was pointed out in the interim order, plaintiff raised multiple legal theories based on the same set of facts, and defendants were required to address each of those legal theories, and to point out the numerous relevant defenses. The Supreme Court has cautioned against awarding fees for unsuccessful claims, *Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983) (A plaintiff who succeeds on one set of facts and theories but not on another should not expect to be compensated for pursuing but losing what amounts to a discrete lawsuit.), but it does not follow that a defendant should be punished for raising "unsuccessful" defenses. The defenses raised here were not discrete lawsuits, but were driven by plaintiff's scattershot approach in drafting his complaint. Finally, it is illogical for plaintiff to say that the court's dismissal of the case was in error, but at the same time to say that defendants can be compensated only for work done in raising that allegedly erroneous defense.

Plaintiff next contends that defendants' work on the *Rooker-Feldman* doctrine "could have been" identical to work done in some earlier case. What could have been is not the court's concern. If plaintiff has evidence to show that a party used the same or similar brief in an earlier case and is double-dipping, plaintiff must produce that evidence. All else is conjecture.

Plaintiff also objects to paying fees to counsel for the county defendants because he is salaried. It is well settled that a publicly funded legal organization

Case No: 3:05cv29/LAC/MD

representing a prevailing party in a § 1983 suit can recover attorney fees under § 1988. *Washington v. Seattle School District No. 1*, 458 U.S. 457, 487-88 n. 31, 102 S.Ct. 3187, 3204 n. 31, 73 L.Ed.2d 896 (1982); *Watkins v. Mobile County Housing Board*, 632 F.2d 565, 567 (5th Cir. 1980). Attorney fees can also be awarded, at the market rate, to governmental agencies whose attorneys are salaried. *American Family Life Assurance Company of Columbus*, 733 F.2d 559, 57 (8th Cir. 1984) (approving fee award to state based on assistant attorneys general representing Governor of Missouri); *Hamilton v. Daley*, 777 F.2d 1207, 1213 (7th Cir. 1985) (approving award of fee to county where work was done by salaried attorneys). The only entity prohibited from receiving fees under § 1988 is the United States. 42 U.S.C. § 1988(b). Any award here will be to the Board of County Commissioners.

Plaintiff's next contention, that virtually the same arguments were made by all defendants "who undoubtedly were working together and sharing research and briefs," is conjecture as well. The undersigned has again reviewed the filings by the defendants. They are not "virtually the same." They were crafted to deal with the particular facts and legal theories advanced against each particular defendant.

Finally, plaintiff contends that the hours claimed are wholly excessive for all defendants. The defendants have presented the court with sworn affidavits from counsel and from experts who confirm the reasonableness of the requested fees. "As the district court must be reasonably precise in excluding hours thought to be unreasonable or unnecessary, so should be the objections and proof from fee opponents," *Norman v. Housing Authority of City of Montgomery*, 838 F.2d 1292, 1301 (11th Cir. 1988). Plaintiff has produced nothing to support his argument other than his bare assertion of excessiveness. Thus, other than making legal arguments challenging the award of fees generally, and other than presenting conjecture and supposition on the fees claimed, plaintiff has not given the court anything in opposition. An award of the full amounts claimed would therefore be in order.

Case No: 3:05cv29/LAC/MD

Notwithstanding plaintiff's effective default, however, the court will perform the appropriate analysis in arriving at fees.  "The first step in computing a reasonable fee is to determine the lodestar, which is the product of the number of hours reasonably worked by a lawyer and a reasonable hourly rate."  *Dillard v. City of Greensboro,* 213 F.3d 1347, 1354 (11th Cir. 2000).  Because the court is guided by equitable principles in determining a reasonable fee, *Durrett v. Jenkins Brickyard, Inc.* 678 F.2d 911, 917 (11th Cir. 1982)(citing *Faraci v. Hickey-Freeman Co.,* 607 F.2d 1025, 1028 (2nd Cir. 1979), those principles must necessarily be employed in determining both the reasonable hourly rates to be employed and the number of hours reasonably worked.

   1.   <u>Reasonable Hourly rate.</u>

      a.   Mr. Gaines.

   Counsel for Mr. Gaines, Thomas F. Gonzalez, Esq., has presented his own affidavit, in which he explains each time entry in detail (doc. 65).  He further avers that his usual hourly rate for cases of this nature is $200.  Also attached is an affidavit from John Trawick, Esq., a member of the Florida Bar and of the bar of this court.  Mr. Trawick avers that in his opinion an hourly rate of $200 is reasonable and appropriate for the work done in this case.  Plaintiff has presented nothing to the contrary.  The undersigned finds that $200 is the appropriate lodestar hourly rate for Mr. Gonzalez' services in acting on behalf of Mr. Gaines.

      b.   County Defendants.

   Counsel for the county defendants, Charles Peppler, Esq., has filed an affidavit showing that he has been a member of the Florida Bar for 27 years, and that in private practice he was board certified as a civil trial lawyer, and is well experienced in handling § 1983 cases.  He states that a reasonable fee for his services would be $225 to $250 an hour.  H. Edward Moore, Esq., a 40 year member of the Florida Bar and of the bar of this court supported that rate by his affidavit.

*Case No: 3:05cv29/LAC/MD*

Plaintiff has presented nothing to the contrary. The undersigned finds that $225 is an appropriate hourly rate to be paid to Escambia County for Mr. Peppler's services in acting on behalf of all the county defendants.

2.      <u>Reasonable time spent.</u>

   a.   Mr. Gaines.

Attorney Gonzalez posted 40.2 hours handling this case. That is a small amount of time given the shotgun nature of plaintiff's complaint. Mr. Trawick's affidavit supports that amount of time, and the court finds it to be more than reasonable for what counsel did.

   b.   County Defendants.

Attorney Peppler posted 24.8 hours in handling the case, an amount supported by Mr. Moore's affidavit. As above, the court finds that amount to be more than reasonable.

The lodestar amounts for fees are therefore as follows:

Mr. Gaines -              $8,040.00
County Defendants -       $5,580.00

The next step in arriving at a reasonable fee is determining whether any lodestar adjustments are appropriate. With respect to the county defendants they are not. These defendants are not entitled to a multiplier, and because their hourly rates and time spent are very reasonable, there should be no reduction. The time spent on behalf of Mr. Gaines is of greater concern. This case was dismissed for lack of subject matter jurisdiction. Mr. Gaines did not raise that issue. He moved to dismiss the complaint for failure to state a claim based on (1) statute of limitations, (2) failure to show that he was a state actor, and (3) *res judicata*. None of these arguments carried the day. As the court noted in its original report and recommendation (doc. 41), a federal court's jurisdiction is the *first* issue that should be considered. The only argument Mr. Gaines made that touched on the reason for

the court's lack of jurisdiction was his *res judicata* claim.  That at least could serve to alert the court to the fact that this case had been totally resolved in the state courts, and that this was actually an appeal from a state court judgment.  Of course it should have equally served to alert Mr. Gaines' counsel of the same thing.

Even so, as the interim report also pointed out, if the court had found that it had jurisdiction, the defenses raised by Mr. Gaines would have been successful (doc. 63, pp. 13-17).  It was for that reason that the court found that plaintiff Ward Dean would be required to pay Mr. Gaines' attorney fees.  Moreover, the award of fees to Mr. Gaines is in response to a Rule 11 motion, and the court has indicated that the appropriate sanction for Rule 11 violations in cases of this nature is the award of attorney fees.  And as the court pointed out, Mr. Gaines' counsel would have been required to do nothing at all beyond writing his safe harbor letter had plaintiff "not been so single-minded about having [his] way."  (*Id.* p. 16).

Mr. Gaines provided plaintiff with a safe harbor, asking him to dismiss the case, and explaining why he should. Plaintiff violated Rule 11 by pressing his action against Mr. Gaines, and Mr. Gaines then had to defend himself.  He is therefore entitled to attorney fees, as found in the interim report.  If Mr. Gaines' counsel had raised this court's lack of subject matter jurisdiction, he would also quite reasonably have raised his other defenses.  And logically, if he had raised the jurisdictional issue, the time spent on researching and presenting that issue, and the resulting fees, would have been higher.  Finally, it is illogical for the court to compensate the county defendants' counsel for raising the "unused" defenses, but to penalize Mr. Gaines' counsel for doing the same thing.  He should be paid for what he was required to do.

The only remaining matter pertains to expenses claimed by Mr. Gaines.[1]  He

---

[1] This court's local rules provide that costs are to awarded by the clerk, Loc. R. 54.2, but the district judge ordered the undersigned to address that issue along with fee issues (doc. 57).

Case No: 3:05cv29/LAC/MD

asks for $3,096.94, and of that amount, $2,851.29 is for Westlaw research. The rest is comprised of long distance, Pacer (the cost of accessing this court's electronic filings) and copying costs, all of which are reasonable. The Eleventh Circuit has not directly addressed how computer research expenses should be treated, but federal courts generally hold that such expenses are properly awarded, either as costs or as part of the attorney fee. *Role Models America, Inc. v. Brownlee*, 353 F.3d 962 (D.C. Cir. 2004) (award of computer research cost appropriate because it makes legal research more efficient); *Invessys, Inc. v. McGraw-Hill Companies, Ltd.*, 369 F.3d 16 (1st Cir. 2004) (same); *Wehr v. Burroughs Corp.*, 619 F.2d 276 (3rd Cir. 1980) (computer research is reasonable if not essential in contemporary legal practice); *Matter of Continental Illinois Securities Litigation*, 962 F.2d 566 (7th Cir. 1992) (Westlaw expenses allowable as costs); *Standley v. Chilhowee R-IV School Dist.*, 5 F.3d 319 (8th Cir. 1993) (computer research expense awarded as part of fee, not as cost). Plaintiff has not challenged the claimed expenses at all. The court should therefore award all claimed expenses, for a total of $3,096.94 in costs.

Finally, because Ward Dean is a *pro se* litigant it is appropriate to consider his ability to pay. *Baker v. Alderman*, 158 F.3d 516, 528-29 (11th Cir. 1998). The interim report outlined who Dean Ward is and what he does. He clearly is not indigent. However, in order to give him the opportunity to show his ability to pay, or lack thereof, he was invited to file appropriate documentation touching on the issue (doc. 63, p. 17). He has not responded, and has thereby waived any objection based on ability to pay.

Accordingly, it is respectfully RECOMMENDED as follows:

1. That the court adopt the undersigned's Interim Findings of Fact and Conclusions of Law Relating to Attorney Fees and Rule 11 Sanctions (doc. 63) as its order determining liability.

2. That the court adopt this Report and Recommendation of Special Master.

Case No: 3:05cv29/LAC/MD

3. That the court order plaintiff, Ward Dean, M.D., to pay the sum of $5,580.00 to the Board of County Commissioners of Escambia County, Florida, c/o Charles Pepper, Esq., 14 West Government Street, Pensacola, Florida 32502, as reasonable attorney fees, within thirty (30) days.

4. That the court order plaintiff, Ward Dean, M.D., to pay the sum of $11,136.94 to Robert P. Gaines, c/o Thomas F. Gonzalez, Esq., PO Box 12950, Pensacola, Florida 32591-2950, as a sanction for violating Rule 11, such sanction to be in the form of reasonable attorney fees and costs, within thirty (30) days.

5. That the Clerk be directed to enter judgment against Ward Dean and in favor of the Board of County Commissioners of Escambia County, Florida and Robert Gaines in the foregoing amounts.

At Pensacola, Florida, this 4th day of November, 2005.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**
As Special Master

**NOTICE TO PARTIES**

Any objections to these proposed findings and recommendations, including the findings and recommendations of the interim order which has been incorporated herein, must be filed within ten days of being served a copy hereof. A copy of any objections must be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).

Case No: 3:05cv29/LAC/MD